UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

FILED

SEP 22 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JUAN EYZAGUIRRE

6815 WEMBERLY WAY

McLEAN, VA 22101

(202) 997-1211

V

GABLES RESIDENTIAL COMPANY

4201 MASSACHUSETTS AVENUE, NW

WASHINGTON, DC 20016

&

THE BERKSHIRE

4201 MASSACHUSETTS AVENUE, NW

WASHINGTON, DC 20016

CIVIL ACTION NO.

CASE NUMBER   1:05CV01873

JUDGE: Ellen Segal Huvelle

DECK TYPE: Pro se General Civil

DATE STAMP: 09/22/2005

COMPLAINT

CLAIM OF INJUCTIVE RELIEF UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

I. INTRODUCTION

1. This is an action for INJUCTIVE RELIEF brought by Plaintiff Juan Eyzaguirre against Defendant Gables Residential for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), section 809, "Validation of debts"

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Juan Eyzaguirre, is a natural person residing in McLean, VA, 22101.

4. Defendant, Gables Residential, whose legal representative or registered agent is Corporation Service Company, located at 1090 Vermont Avenue, NW, Washington, DC. engaged in the business of apartment development and management and Berkshire whose legal representative or registered agent is Lawrence A. Miller, 2000 L Street, NW, Suite 675, Washington, DC 20036.

5. Defendant(s) were engaged in the collection of a debt for the amount of $385 from Juan Eyzaguirre in violation of section § 809. Validation of debts [15 USC 1692g], which states that

(a) Within five days after the **initial communication** with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a **written notice** containing:

    (1) The amount of the debt;

(2) The name of the creditor to whom the debt is owed;

(3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

There was no initial communication with Juan Eyzaguirre in connection with the collection of any debt and, nor was any written notice sent to Juan Eyzaguirre, containing points 1 to 5 as mentioned above

.

IV. FACTUAL ALLEGATIONS

6. By correspondence on the letterhead of STATEMENTS OF DEPOSITS, delivered on 09/01/2003, defendant(s) Gables Residential and Berkshire sent a registered letter to Juan Eyzaguirre demanding payment by certified mail to his old address at the Berkshire, in the amount of $385.  The receptionist of the The Berkshire signed on the behalf of Juan Eyzaguirre, knowing he no longer resided at the Berkshire. There was no statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. Thus, this debt was unilaterally settled by Gables Residential and Berkshire, was never valid and

Juan Eyzaguirre never had the chance to dispute its existence within thirty days after receipt of written notice, which was never received. The collection was then forwarded to Pierce, Hamilton and Stern, located in 6931 Arlington Road, Suite 400, Bethesda, MD 20814 and no subsequent notice to Juan Eyzaguirre was attempted to notify him of his debt. Three copies are attached hereto as Exhibit A.

8. Exhibit A was never received by Mr. Eyzaguirre at his residence in McLean, VA, known by Gables. Moreover, Gables knew of the defendant's address in Chile.

9. The alleged debt of $385, Exhibit A was fully paid after Mr. Eyzaguirre made inquiries into his credit report after a credit card was declined. Only then did he have knowledge of the collection.

10. As a result of the acts alleged above, Plaintiff suffered credit being declined to him declining, as well as a poor credit rating. Three copies are attached in Exhibit B.

V. CLAIM FOR RELIEF

11. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

12. Defendants violated the FDCPA.

13. As a result of the foregoing violations of the FDCPA, defendant(s) are liable to the plaintiff, Juan Eyzaguirre, for declaratory judgment that defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Juan Eyzaguirre respectfully requests that judgment be entered against defendant Gables Residential for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1692k and, §;

E. Letter from Pierce, Hamilton and Stern, located in 6931 Arlington Road, Suite 400, Bethesda, MD 20814, the collection company, to remove the collection account from Equifax, Experian and Transunion and any other credit bureau.

F. For such other and further relief as the Court may deem just and proper.

Juan Eyzaguirre
6815 Wemberly Way
McLean, VA 22101