UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUAN EYZAGUIRRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 05-1873 (ESH) |
| | ) | |
| GABLES RESIDENTIAL COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff has filed a *pro se* Complaint against Gables Residential Company and the Berkshire under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. While plaintiff mailed a copy of the summons and complaint on September 24, 2005, by certified mail and it was signed for by an individual named Waters on that date, this service does not satisfy the requirements of Rule 4(h)(1) of the Federal Rules of Civil Procedure, since the affidavit fails to provide any indications that Waters is a proper individual under Rule 4(h)(1) to accept service for either defendant. As explained in *Baade v. Price*, 175 F.R.D. 403, 404-05 (D.D.C. 1997):

> Rule 4(h) of the Federal Rules of Civil Procedure provides guidance on how to effectuate service of process on a domestic corporation. The touchstone of the Rule 4(h) analysis is to ascertain whether the person who actually received a summons and a complaint can be deemed "an officer, a managing or general agent, or . . . any other authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service," so as to effectuate service on the corporation. The general rule with regard to a domestic corporation is that the person upon which a summons and a complaint

> are served must have some measure of discretion in operating some phase of the defendant's business or in the management of a given office. The recipient must also have at least such status that common sense would expect the recipient to see that the summons properly gets into the hands of the appropriate personnel. Further, the recipient must be working for the defendant at the time of service.

*See also Kopff v. World Research Group*, 298 F. Supp. 2d 50 (D.D.C. 2003) (affidavit is facially invalid because it fails to show that the person is a proper individual to accept service for the corporation).

Accordingly, it is hereby

**ORDERED** that plaintiff shall have until January 22, 2006, to re-serve defendants pursuant to Rule 4(h) of the Federal Rules of Civil Procedure and to provide the Court with evidence of service of process. Failure to file proof of service, as required herein, will result in dismissal of the above-captioned case without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

```
                              s/
              ELLEN SEGAL HUVELLE
              United States District Judge
```

Date:   October 18, 2005