IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN EYZAGUIRRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:05CV01873 (ESH) |
| | ) |
| THE BERKSHIRE, et al., | ) |
| | ) |
| Defendants. | ) |

**MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO QUASH
SERVICE OF PROCESS AND NOTICE OF MOTION TO PLAINTIFF**

THE CLERK OF THE COURT will please enter the limited appearance of Michael J. Carmody, Esq., Leon Koutsouftikis, Esq., and Anne M. Magruder, Esq., all with Magruder & Associates, P.C., as counsel for the misnamed defendants herein (The Berkshire [sic], which is a building, and Gables Residential Company [sic], which is not a known corporation that is authorized to transact business in the District of Columbia but is similar in name to the managing interests of the aforementioned building).[1] Undersigned counsel hereby certifies for himself and for Leon Koutsouftikis and Anne M. Magruder, that each attorney is licensed to practice law before this Court, is in good standing, and maintains an office outside of the District of Columbia with an address as follows: 1889 Preston White Drive, Suite 200, Reston, VA 20191 (phone number: (703) 766-4400; fax number: (703) 766-4408).

COMES NOW Defendant The Berkshire [sic] and Defendant Gables Residential Company [sic] (collectively, "Defendants"), through counsel, and intending to be present at the trial of the claims presented in the above-captioned Complaint (Claim of

---

[1] Undersigned counsel for Defendants makes this limited appearance to protect the rights and interests of the ownership and property management agent of The Berkshire Apartments despite the fact that Plaintiff has failed to name either the ownership or the property management agent entities herein. As a result, any reference to a Defendant or to Defendants herein should be construed so as to include the ownership and property management agent of The Berkshire Apartments as appropriate.

Injunctive Relief Under the Fair Debt Collection Practices Act) filed by Plaintiff Juan Eyzaguirre, hereby serve notice upon Plaintiff that Defendants move to dismiss the Complaint upon the following grounds[2]:

(1)   This Court lacks jurisdiction over the matter due to the failure of Plaintiff to file his Complaint within one (1) year from the date on which the alleged violation of the Fair Debt Collection Practices Act ("FDCPA"). See 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs.")  In this regard, Plaintiff's Complaint alleges that Defendants' correspondence dated September 1, 2003 violated the FDCPA because that correspondence was sent improperly and failed to contain information required under 15 U.S.C. § 1692g. See Complaint at 2-4, ¶¶ 5-8.[3]  The FDCPA clearly identifies the date on which the violation occurs, and not the date on which a potential plaintiff discovers such violation, as the beginning date for the running of the statute of limitations. Ignoring for the moment the fact that Defendants deny that the September 1, 2003 letter violated the FDCPA, as discussed below in separate grounds supporting dismissal of this action, it is clear that pursuant to 15 U.S.C. § 1692k, Plaintiff's action to enforce the liability created under the FDCPA for the allegedly defective letter dated September 1, 2003 had to have been filed on or before September 1, 2004; Plaintiff did not file his lawsuit until September 22, 2005 – over one year after the expiration of the statute of limitations for this claim. Plaintiff's

---

[2] Plaintiff's Affidavits of Service filed herein indicate service was made on September 24, 2005. Undersigned counsel for Defendants secured two (2) separate written extensions of time from Plaintiff for Defendants to file responsive pleadings (to include answers and/or motions) such that Defendants' responsive pleadings are due by November 11, 2005. Copies of those written extensions have not been included with this Motion as the writings may contain discussions pertaining to proposed settlement of the matter; however, should the Court desire to see those writing (*i.e.*, if Plaintiff objects to the timeliness of Defendants' responsive pleadings herein), Defendants shall produce the writings to the Court.

[3] The Complaint contains an error insofar as the copies of the Complaint received by Defendants contains no paragraph numbered "7".

Complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (hereinafter "FRCP").

(2) Defendant The Berkshire lacks legal existence, as it is merely a building, and thus denies that it has capacity to be sued. Plaintiff's Complaint must be dismissed pursuant to FRCP 17(b), FRCP 9(a), and FRCP 12(b)(2).

(3) Defendant Gables Residential Company lacks legal existence, as it is not a recognized corporation, domestic or foreign, under the laws of the District of Columbia and thus denies that it has capacity to be sued. Plaintiff's Complaint must be dismissed pursuant to FRCP 17(b), FRCP 9(a), and FRCP 12(b)(2).

(4) Neither of the named Defendants transacts business in the District of Columbia (one defendant is a building, which cannot transact business, and the other defendant is not a recognized legal entity), and thus this Court does not have jurisdiction over either of the Defendants. Plaintiff's Complaint must be dismissed pursuant to FRCP 12(b)(2).

(5) As neither of the named Defendants transacts business in the District of Columbia, venue in this Court is improper. Plaintiff's Complaint must be dismissed pursuant to FRCP 12(b)(3).

(6) The Summons issued to Defendant Gables Residential Company was made out to "Gables Residential" and mailed to the street address of 4201 Massachusetts Avenue, N.W., Washington, D.C. 20016; however, Defendant Gables Residential Company has no association with and no employees, officers, directors, or registered agent at that address. As a result, there was insufficient process in regard to this matter. Plaintiff's Complaint must be dismissed or, in the alternative, process against Defendant Gables Residential Company must be quashed pursuant to FRCP 12(b)(4).

(7)     The Summons issued to Defendant The Berkshire was made out to "The Berkshire" and mailed to the street address of 4201 Massachusetts Avenue, N.W., Washington, D.C. 20016; however, Defendant The Berkshire is a building and has no employees, officers, directors, or registered agent at that address.  As a result, there was insufficient process in regard to this matter.  Plaintiff's Complaint must be dismissed or, in the alternative, process against Defendant The Berkshire must be quashed pursuant to FRCP 12(b)(4).

(8)     Defendants deny the sufficiency of process and the sufficiency of service of process herein, as Plaintiff attempted service merely by mailing copies of various pleadings to the address of The Berkshire, a building, where the mailing was received by an unidentified person whom both Defendants deny has authority to accept service of process on their behalf.  Plaintiff's Affidavit of Service as to Defendant Gables Residential Company shows that on September 24, 2005, Plaintiff mailed a copy of the summons and complaint via certified mail to "Gables Residential" at 4201 Massachusetts Avenue, N.W., Washington, D.C. 20016.  The return receipt card that Plaintiff copied on his Affidavit of Service indicates that the letter was signed for by a person on September 24, 2005, the same date as mailing, which is an impossibility.  There was improper service of process in that regard and/or Plaintiff's Affidavit of Service is incorrect, flawed, or fraudulent.  Plaintiff's Complaint must be dismissed or, in the alternative, process against Defendant The Berkshire must be quashed pursuant to FRCP 12(b)(5).

(9)     Similarly, Plaintiff's Affidavit of Service as to Defendant The Berkshire shows that on September 24, 2005, Plaintiff mailed a copy of the summons and complaint via certified mail to "The Berkshire" at 4201 Massachusetts Avenue, N.W., Washington, D.C. 20016.  The return receipt card that Plaintiff copied on his Affidavit

of Service indicates that the letter was signed for by a person on September 24, 2005, the same date as mailing, which is an impossibility. There was improper service of process in that regard and/or Plaintiff's Affidavit of Service is incorrect, flawed, or fraudulent. Plaintiff's Complaint must be dismissed or, in the alternative, process against Defendant The Berkshire must be quashed pursuant to FRCP 12(b)(5).

(10)    Defendant Gables Residential Company denies that the person who signed the return receipt card for certified mailing is authorized by statute or by appointment to accept service of process upon it. Thus there was improper service of process. Plaintiff's Complaint must be dismissed or, in the alternative, process against Defendant The Berkshire must be quashed pursuant to FRCP 12(b)(5).

(11)    Defendant The Berkshire denies that the person who signed the return receipt card for certified mailing is authorized by statute or by appointment to accept service of process upon it. Thus there was improper service of process. Plaintiff's Complaint must be dismissed or, in the alternative, process against Defendant The Berkshire must be quashed pursuant to FRCP 12(b)(5).

(12)    Defendants deny that Plaintiff's Complaint states a claim upon which relief can be granted, as, *inter alia*, Defendant The Berkshire is a building and cannot by itself act in violation of the FDCPA, and as Defendant Gables Residential Company is a non-existent entity and cannot by itself violate the FDCPA. Plaintiff's Complaint must be dismissed pursuant to FRCP 12(b)(6).

(13)    Defendants deny that Plaintiff's Complaint states a claim upon which relief can be granted, as, *inter alia*, the allegations contained within the Complaint demonstrate that Defendants were acting to collect a debt owed to them and not to a third party such that Defendants were not "debt collectors" within the meaning of 15

U.S.C. § 1692a(6). Plaintiff's Complaint must be dismissed pursuant to FRCP 12(b)(6).

(14) Defendants deny that Plaintiff's Complaint states a claim upon which relief can be granted, as, *inter alia*, the allegations contained within the Complaint demonstrate that Defendants' agents were acting as employees of Defendants, as creditors to whom Plaintiff owed a debt – one that he admitted to paying in his Complaint – and were acting in the name of Defendants to collect the acknowledged debt such that Defendants are excluded from the definition of "debt collectors" within the meaning of 15 U.S.C. § 1692a(6)(A). Plaintiff's Complaint must be dismissed pursuant to FRCP 12(b)(6).

(15) Defendants deny that Plaintiff's Complaint states a claim upon which relief can be granted, as, *inter alia*, the Plaintiff's own pleadings demonstrate that Defendants were creditors of Plaintiff (Plaintiff admitted to paying the debt in Paragraph 9 of his Complaint), and creditors are not required to provide their own debtors with any verification of debt as described in 15 U.S.C. § 1692g. Plaintiff's Complaint must be dismissed pursuant to FRCP 12(b)(6).

(16) Defendants deny that Plaintiff's Complaint states a claim upon which relief can be granted, as, *inter alia*, Plaintiff failed to allege with particularity any actual damages with reference to pecuniary loss or other damage. Plaintiff's Complaint must be dismissed pursuant to FRCP 12(b)(6).

(17) Defendants deny that Plaintiff's Complaint states a claim upon which relief can be granted, as, *inter alia*, Plaintiff filed the Complaint as a *pro se* litigant and thus is not entitled to recovery of attorneys' fees. Plaintiff's Complaint – at least with respect to the request for award of attorneys' fees to Plaintiff – must be dismissed pursuant to FRCP 12(b)(6).

(18) Defendants deny that Plaintiff has joined a party needed for just adjudication, as Plaintiff's own allegations suggest that a third party collection agency, Pierce, Hamilton and Stern pursued collection of the debt owed to Defendants. See Complaint at 3-4, ¶ 6. Moreover, Plaintiff prays that the Court grant him judgment for, *inter alia*, a letter from Pierce, Hamilton and Stern. This Court simply cannot order either of the Defendants to force Pierce, Hamilton and Stern to write any letter as prayed for in Section E of Plaintiff's request for judgment. Pierce, Hamilton and Stern is therefore a necessary party to this action under Rule 19(a). As a result of Plaintiff's failure to join a necessary party, Plaintiff's complaint should be dismissed pursuant to FRCP 12(b)(7).

(19) Although Plaintiff filed his action against two (2) defendants, his request for relief requests judgment only against the (misnamed) Gables Residential. As a result, Plaintiff has stated no cause of action against Defendant The Berkshire and the case against Defendant The Berkshire should be dismissed pursuant to FRCP 12(b)(6).

(20) In his request for relief, Plaintiff identifies one of his true goals in pursuing the Complaint – removal of any reference to the debt from the credit reporting agencies' and/or credit bureaus' records; however, Plaintiff admitted that he owed the debt and alleged that he in fact paid it after it was turned over to a collection agency. Removal of reference to the admitted debt in this manner would violate the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., as the FCRA puts the onus upon a consumer to notify a credit reporting agency (and not a creditor or a debt collector) of a dispute contained within the consumer's file at the consumer reporting agency. Once that has been done, the credit reporting agency (and not a creditor or a debt collector) is required to perform a "reasonable reinvestigation to determine whether the disputed

information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . ." 15 U.S.C. § 1681i(a)(1)(A).  If, following such reasonable reinvestigation, the <u>credit reporting agency</u> determines that the information is found to be inaccurate or incomplete or cannot be verified,

> <u>the credit reporting agency</u> shall (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

15 U.S.C. § 1681i(a)(5) (emphasis added).  The FCRA allows the credit reporting agency to terminate a reinvestigation of information disputed by a consumer when the agency determines that the dispute is frivolous or irrelevant.  15 U.S.C. § 1681i(a)(3).  Plaintiff makes no allegation that he disputed the debt with a credit reporting agency or that a reinvestigation by a credit reporting agency supports his claim that the debt is inaccurate.  Defendants aver that Plaintiff could not possibly challenge the validity of the debt, as Plaintiff, in his own Complaint (<u>see</u> Complaint at 4, ¶ 9), admits that he paid the debt and makes no allegation regarding challenge to the underlying claim (<i>i.e.</i>, he did <u>not</u> dispute it).  On these facts, this Court does not have jurisdiction to enter an order directing Defendants or a non-party, third party (Pierce, Hamilton and Stern) to remove the collection account from credit bureau records, and any such order would violate the FCRA.  For this reason, the Court must dismiss Plaintiff's claim with prejudice pursuant to FRCP 12(b)(2).

(21)   Defendants reserve all rights to present their defenses in the event that this Motion is denied in any part.  Defendants further reserve all rights to pursue recovery of their legal fees incurred in responding to Plaintiff's Complaint, as the Complaint was filed in bad faith by Plaintiff and to harass Defendants.  <u>See</u> 15 U.S.C. § 1692k(a)(3) ("On a finding by the court that an action under this section was brought

in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.").

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Motion to Dismiss or In The Alternative Motion to Quash Service of Process, that the Court dismiss this action with prejudice pursuant to FRCP 12(b) on the various grounds stated herein, and that the Court award Defendants recovery of their legal expenses and costs incurred in responding to the Complaint in the reasonable amount of $2,000.00 pursuant to 15 U.S.C. § 1692k(a)(3).[4] In the alternative, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss or In The Alternative Motion to Quash Service of Process, that the Court quash service of process upon both Defendants pursuant to FRCP 12(b) on the various grounds stated herein, and that the Court award Defendants recovery of their legal expenses and costs incurred in responding to the Complaint in the reasonable amount of $2,000.00 pursuant to 15 U.S.C. § 1692k(a)(3).

To the extent that the Court should deny the request to dismiss this case or to quash service of process herein on the grounds raised above, Defendants hereby move, pursuant to FRCP 12(e), for a more definite statement from Plaintiff regarding his claims and claimed damages, as Defendants cannot reasonably be required to frame a responsive pleading to the vague and ambiguous Complaint. Specifically, Plaintiff has failed to aver any pecuniary loss; has failed to aver the capacity of either party defendant; has failed to aver any relationship between parties defendant, both as to each other and as to Plaintiff, purportedly giving rise to any duty that Plaintiff alleges was breached by Defendants; has failed to allege facts supporting his position that

---

[4] Any award of attorneys' fees to Defendants herein may be ordered to be paid to Magruder & Associates, P.C., as this firm represents the real parties-defendant in interest herein, the ownership and property management agent of The Berkshire Apartments.

Defendants were acting as debt collectors and not as creditors with respect to the $385.00 debt that forms the basis of his suit; has failed to allege facts indicating that he disputed the debt with the credit reporting agencies or bureaus as required by the FCRA; has failed to allege facts that show he disputed the debt in a timely manner (as he did admit paying the debt in his own pleading); has failed to allege facts supporting the exercise of subject matter jurisdiction over the claim by this Court; has failed to allege facts supporting the exercise of personal jurisdiction over either of the Defendants; has failed to allege facts supporting the choice of venue herein, especially in light of the fact that the ownership and property management interests of The Berkshire Apartments may not reside within the District of Columbia; and has failed to allege facts that support his assertion of his claims herein.

To the extent that the Court denies Defendants' request for award of attorneys' fees, Defendants request that the Court do so without prejudice, as Defendants reserve all rights to file and pursue a separate written motion for award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) upon proof of bad faith and improper motive (harassment) by Plaintiff.

Respectfully Submitted,

MAGRUDER & ASSOCIATES, P.C.

/s/ Michael J. Carmody
Michael J. Carmody, Esq.
Anne M. Magruder, Esq.
Leon Koutsouftikis, Esq.
1889 Preston White Drive
Suite 200
Reston, VA 20191
(703) 766-4400
(703) 766-4408 (Facsimile)
Email: mcarmody@magruderpc.com
(Counsel for Defendants)

## NOTICE OF MOTION

To: Juan Eyzaguirre
6815 Wemberly Way
McLean, VA 22101

Please take notice, that the undersigned has filed the above motion for adjudication by the Honorable Ellen S. Huvelle, District Judge, United States District Court for the District of Columbia, 333 Constitution Avenue, N.W., Washington, D.C. 20001. Defendants have not requested a hearing on this motion, as Defendants believe that the Court should grant the motion without hearing based upon FRCP 12(b)(2) and for the other reasons and on other grounds as stated in the motion.

/s/ Michael J. Carmody
Michael J. Carmody, Esq.
1889 Preston White Drive
Suite 200
Reston, VA 20191

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November 2005, Defendants, by and through undersigned counsel, sent a complete and accurate copy of the foregoing Motion to Dismiss or In The Alternative Motion to Quash Service of Process and Notice of Motion to Plaintiff, Juan Eyzaguirre via first class mail, postage prepaid, addressed to 6815 Wemberly Way, McLean, VA 22101.

/s/ Michael J. Carmody
Michael J. Carmody, Esq.
1889 Preston White Drive
Suite 200
Reston, VA 20191

G0935253.007
11/10/2005 3:34 PM