UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

JUAN EYZAGUIRRE

6815 WEMBERLY WAY

McLEAN, VA 22101

V                                                                CIVIL ACTION NO. 1:05CV01873-ESH

GABLES RESIDENTIAL COMPANY

8280 GREENSBORO DRIVE, SUITE 605

MCLEAN, VIRGINIA 22102

AMENDED COMPLAINT

CLAIM OF INJUCTIVE RELIEF UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

I. INTRODUCTION

1. This is an amendment to the action for INJUCTIVE RELIEF brought by Plaintiff Juan Eyzaguirre against Defendant Gables Services Residential Inc., hereinafter "Gables", for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), section 809, "Validation of debts" whereas a debt collector, Pierce, Hamilton and Stern Inc, was involved. The amendments are the followings: In the captions, only Gables Residential Services Inc. is the defendant. Also, there are changes in the context in order to explain the involvement of a debt collector and in exhibit A in order to introduce evidence to prove the involvement of Pierce, Hamilton and Stern, as the debt

RECEIVED
NOV - 9 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

collector.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Juan Eyzaguirre, is a natural person residing in McLean, VA, 22101.

4. Defendant, Gables Services Residential Inc, hereinafter, "Gables", whose legal representative or registered agent is Corporation Service Company, located at 11 South, 12th Street, P.O. Box 1463, Richmond, VA 23218 engages in the business of apartment development and management.

5. Defendant jointly with Pierce, Hamilton and Stern, hereinafter "the debt collector", was engaged in the collection of a debt for the amount of $385 from Juan Eyzaguirre in violation of section § 809. Validation of debts [15 USC 1692g], which states that

(a) Within five days after the **initial communication** with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the

consumer a **written notice** containing:

    (1) The amount of the debt;

    (2) The name of the creditor to whom the debt is owed;

    (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

There was no initial communication with Juan Eyzaguirre in connection with the collection of any debt and, nor was any written notice sent to Juan Eyzaguirre, containing points 1 to 5 as mentioned above

## IV. FACTUAL ALLEGATIONS

6. By correspondence on the letterhead of STATEMENTS OF DEPOSITS, delivered on 09/01/2003, defendant Gables sent a registered letter to Juan Eyzaguirre demanding payment by certified mail to his old address at the Berkshire, in the amount of $385. The receptionist of the The Berkshire signed on the behalf of Juan Eyzaguirre, knowing he no longer resided at the Berkshire. Then, unbeknownst to Juan Eyzaguirre the aforesaid facts and the following facts, on September 22, 2003, Gables assigned the collection to Pierce, Hamilton

and Stern, located in 6931 Arlington Road, Suite 400, Bethesda, MD 20814 and no subsequent notice to Juan Eyzaguirre was attempted to notify him of his debt. According to the letter sent by the debt collector, with letterhead VERIFICATION OF THE DEBT, the letter sent by Gables to Pierce, Hamilton and Stern Inc, was enough verification for both collectors to verify the validity of the debt. There was no statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. Thus, this debt was unilaterally settled by Gables and the debt collector, was never valid and Juan Eyzaguirre never had the chance to dispute its existence within thirty days after receipt of written notice, which was never received. Seven copies are attached hereto as Exhibit A.

8. Pages number three; six and seven of Exhibit A were never received by Mr. Eyzaguirre at his residence in McLean, VA, known by Gables. Moreover, Gables knew of the defendant's address in Chile.

9. The alleged debt of $385, Exhibit A was fully paid after Mr. Eyzaguirre made inquiries into his credit report after a credit card was declined. Only then did he have knowledge of the collection. Should Mr. Eyzaguirre known about the jointly collection made by Gables and the debt collector, this collection would have never been reported to the credit bureau, since Mr. Eyzaguirre would have paid in full the amount of $385 as he did when he knew about the reported colletion.

10. As a result of the acts alleged above, Plaintiff suffered credit being declined to him, a poor credit rating, and most importantly, a decline of job by UBS Financial Services Inc,

as a Financial Advisor in Private Banking, since it's compliance department did not accept its application due to the above-mentioned collection. Moreover, Mr. Eyzaguirre has been unable to apply for positions in Private Banking, since a collection will discredit his reputation and will result in another declination of employment. Thus, Mr. Eyzaguirre has suffered severe pecuniary damage from the moment this collection was reported. Three copies are attached in Exhibit B.

V. CLAIM FOR RELIEF

11. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

12. Defendant violated the FDCPA as principal of Pierce, Hamilton and Stern Inc., the debt collector, acting as an agent of Gables.

13. As a result of the foregoing violations of the FDCPA, defendant is liable to the plaintiff, Juan Eyzaguirre, for declaratory judgment that defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Juan Eyzaguirre respectfully requests that judgment be entered against defendant Gables Services Residential Inc for the following:

A. Declaratory judgment that defendant's conduct violated the FDCPA;

B. Actual damages from March 14, 2005 (decline of employment by UBS) until the removal of the account, since he cannot apply for Private Banking positions

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1692k and, §;

E. Letter from Gables to Pierce, Hamilton and Stern Inc, requesting the removal of the

colection account from Equifax, Transunion and Experian and any other credit bureau

F. Letter from Pierce, Hamilton and Stern, located in 6931 Arlington Road, Suite 400, Bethesda, MD 20814, the collection company, to remove the collection account from Equifax, Experian and Transunion and any other credit bureau.

F. For such other and further relief as the Court may deem just and proper.

Juan Eyzaguirre
6815 Wemberly Way
McLean, VA 22101