UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

JUAN EYZAGUIRRE

6815 WEMBERLY WAY

McLEAN, VA 22101

V

CIVIL ACTION NO. 1:05CV01873-ESH

GABLES RESIDENTIAL SERVICES INC

8280 GREENSBORO DRIVE, SUITE 605

MCLEAN, VIRGINIA 22102

Second Amended COMPLAINT

CLAIM FOR INJUCTIVE RELIEF UNDER THE FAIR CREDIT REPORTING ACT

I. INTRODUCTION

1. This is second amendment to the action for INJUCTIVE RELIEF brought by Plaintiff Juan Eyzaguirre against Defendant Gables Services Residential Inc., hereinafter "Gables", for violations of the Fair Credit Reporting Act, hereinafter FCRA.

II. JURISDICTION

The issue is of federal nature. The Defendant owes and/or manages *The Berkshire* building, located in Washington DC, and therefore, transacts business in the District of Columbia, thus the venue in this Court is proper. Under Section § 618. Jurisdiction of courts;[15 U.S.C. § 1681p] "An action to enforce any liability created under this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title, the action may be brought at any time within two years after discovery by t he individual of the misrepresentation". In this case, Gables has materially and willfully misrepresented information required under this title to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title. Therefore, the action may be brought at any time within two years after discovery (10/2004) by the individual of the misrepresentation. Therefore, the statute of limitations does not apply in this case yet.

III. LAW AND FACTUAL ALLEGATIONS

**§ 623. Responsibilities of furnishers of information to consumer reporting agencies** [15 U.S.C. § 1681s-2]

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person, which under sections **§ 603. Definitions; rules of construction** [15 U.S.C. § 1681a], the term "person" means, any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity, (thus including Gables), shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or

consciously avoids knowing that the information is inaccurate. (B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer reporting agency if:

(i) The information is, in fact, inaccurate. The reporting of the uncollected debt to the collection agency as "overdue" was erroneous, in that, the Plaintiff never received written notification of the debt. The certified notification was, in fact, sent to his former residence, The Berkshire, with the Defendants full knowledge, that the Plaintiff no longer resided there, and was signed by an employee of The Berkshire, not the Plaintiff. There was no delinquency account if the Plaintiff had no knowledge of the debt and did not receive due notification. In fact, upon his notice of leaving the Berkshire residence (July, 2003), and in attempt to settle all matters, there was no allegations of extra costs that needed to be fulfilled.

When the plaintiff, deciding to become a member of Equifax, requested his Credit Report and saw under the debt under "Collections", the Plaintiff immediately notified the Collection Agency, as well as Equifax, to resolve the matter and to dispute the validity of the debt. The Plaintiff was misinformed and misled. The Plaintiff was told that he must first pay the collection and then dispute the charges with The Berkshire Residence, located on 4201 Massachusetts Avenue, NW, Washington DC. The matter, after repeated requests to The Berkshire to provide proof of the debt and its contents was never provided, moreover, that the Plaintiff had indeed received the certified letter informing the Plaintiff of his debt. This request was ignored, and the Plaintiff had to repeatedly call and visit the Berkshire Staff, asking for proof. The Plaintiff was told that they "would research their files for the certified receipt, and it was not an easy task, but they would

contact him". In the end, after months, the Plaintiff received the "proof", which was in his name, at his old address, signed by an employee of The Berkshire, with full knowledge that the Plaintiff no longer resided there.

**Under § 616. Civil liability for willful noncompliance** [15 U.S.C. § 1681n]   Any person [Gables] who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) Such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court

## IV. PARTIES

Plaintiff, Juan Eyzaguirre, is a natural person residing in McLean, VA, 22101. Defendant, Gables Services Residential Inc, hereinafter, "Gables", whose legal representative or registered agent is Corporation Service Company, located at 11 South, 12th Street, P.O. Box 1463, Richmond, VA 23218 engaged in the business of apartment development and management in many states, including Washington DC.

## V. FACTUAL ALLEGATIONS

By correspondence on the letterhead of STATEMENTS OF DEPOSITS,

delivered on 09/01/2003, defendant Gables sent a registered letter to Juan Eyzaguirre demanding payment by certified mail to his old address at the Berkshire, in the amount of $385. The receptionist of the The Berkshire signed on the behalf of Juan Eyzaguirre, knowing he no longer resided at the Berkshire. Then, unbeknownst to Juan Eyzaguirre the aforesaid facts and the following facts, on September 22, 2003, Gables assigned the collection to Pierce, Hamilton and Stern, located in 6931 Arlington Road, Suite 400, Bethesda, MD 20814 and no subsequent notice to Juan Eyzaguirre was attempted to notify him of his debt. According to the letter sent by the debt collector, with letterhead VERIFICATION OF THE DEBT, the letter sent by Gables to Pierce, Hamilton and Stern Inc, was enough verification to verify the validity of the debt. There was no statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. Thus, this debt was unilaterally settled by Gables as principal of Pierce, Hamilton and Stern, was never valid and Juan Eyzaguirre never had the chance to dispute its existence within thirty days after receipt of written notice, which was never received. See Exhibit A.

VI. The alleged debt of $385, Exhibit A was fully paid after Mr. Eyzaguirre made inquiries into his credit report after a credit card was declined. Only then did he have knowledge of the collection. Should Mr. Eyzaguirre known about the collection made by Gables, this collection would have never been reported to the credit bureau.

VII. As a result of the acts alleged above, Plaintiff suffered credit being declined to him, a poor credit rating, and most importantly, a decline of job by UBS Financial Services Inc, as a Financial Advisor in Private Banking, since its compliance department did not

accept its application due to the above mentioned collection. Moreover, Mr. Eyzaguirre has been unable to apply for positions in Private Banking, since a collection will discredit his reputation and will result in another declination of employment. Thus, Mr. Eyzaguirre has suffered severe pecuniary damage from the moment this collection was reported.

VIII. CLAIM FOR RELIEF

Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

Defendant violated the FCRA and is liable by itself and as principal of the actions of Pierce, Hamilton and Stern Inc, the debt collector. Pierce, Hamilton and Stern is therefore, not a necessary party to this action, since it was acting in representation of Gables, and any actions of the agent Pierce, Hamilton and Stern must be considered as actions of Gables.

IX. As a result of the foregoing violations of the FCRA, defendant is liable to the plaintiff, Juan Eyzaguirre, for declaratory judgment that defendant's conduct violated the FCRA, actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Juan Eyzaguirre respectfully requests that judgment be entered against defendant Gables Services Residential Inc for the following:

A. Declaratory judgment that defendant's conduct violated the FCRA;

B. Actual damages from March 14, 2005 (decline by UBS) until the removal of the account according to what the judge might consider fair

C. Statutory damages

D. Costs and reasonable attorney's fees

E. Letter from Gables (the Principal) to Pierce, Hamilton and Stern Inc, (the agent)

located in 6931 Arlington Road, Suite 400, Bethesda, MD 20814, requesting the removal of my account from Equifax, Transunion and Experian, and any other credit bureau.

F. For such other and further relief as the Court may deem just and proper.

*[signature]*

Juan Eyzaguirre
6815 Wemberly Way
McLean, VA 22101