IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUAN EYZAGUIRRE,              )
                                )
        Plaintiff,           )
                                )
     v.                     )      Case No. 1:05CV01873 (ESH)
                                )
GABLES RESIDENTIAL COMPANY,  )
                                )
        Defendant.       )

## OPPOSITION TO MOTION FOR LEAVE
## TO FILE SECOND AMENDED COMPLAINT

COMES NOW Defendant Gables Residential Company [sic] ("Defendant"),[1]

through counsel, and intending to be present at the trial of the claims presented in the

above-captioned Amended Complaint (Claim of Injunctive Relief Under the Fair Debt

Collection Practices Act) filed by Plaintiff Juan Eyzaguirre ("Plaintiff"), hereby opposes

Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion") upon the

following grounds[2]:

(1)     While Plaintiff's Motion in and of itself appears proper in terms of timing

and scope and thus could be granted, the Second Amended Complaint attached to the

---

[1] In the original Complaint filed by Plaintiff Juan Eyzaguirre ("Plaintiff"), Plaintiff had sued another defendant, The Berkshire, a building. It appears that Plaintiff has abandoned any claim against The Berkshire in the Amended Complaint. To the extent that Plaintiff intends to assert any claim against The Berkshire in these proceedings, undersigned counsel continues to represent The Berkshire in the case and hereby reserves all rights on behalf of The Berkshire. Upon review of the (draft) Second Amended Complaint that Plaintiff desires to file, it appears that Plaintiff has corrected the naming of the intended Defendant from Gables Residential Company [sic] to Gables Residential Services, Inc.; undersigned counsel represents Gables Residential Services, Inc. and files this Opposition notwithstanding the misnomer of Defendant herein.

[2] Defendant denies that it has been served with the (first) Amended Complaint, as Defendant learned of the filing of the Amended Complaint only upon preparing a response to Plaintiff's Motion for Leave to File Second Amended Complaint. Pursuant to Rule 15(a), Defendant's response to the Amended Complaint would be due within ten (10) days of service of the Amended Complaint. Pursuant to Rule 5(b)(1), Plaintiff should serve the Amended Complaint upon undersigned counsel now that this firm has entered its appearance on behalf of Defendant. Undersigned counsel has not been served with the Amended Complaint to-date, and Defendant has not waived its right to insist upon proper service.

Motion is itself deficient, both legally and factually, as discussed below and thus the Motion <u>should</u> be denied.

(2)     Specifically, in the Second Amended Complaint, Plaintiff asserts a new cause of action under an entirely different body of legislation, this time the Fair Credit Reporting Act (<u>see</u> <u>generally</u> 15 U.S.C. § 1681 <u>et</u> <u>seq.</u> (hereinafter, the "FCRA")), perhaps in order to avail himself of a different statute of limitations for his claim against Defendant as Defendant properly moved to dismiss the original Complaint herein[3] based upon a shorter statute of limitations under the Fair Debt Collection Practices Act (<u>see</u> <u>generally</u> 15 U.S.C. § 1692 <u>et</u> <u>seq.</u> (hereinafter, the "FDCPA")).[4]

(3)     Whatever the motivation for electing to pursue the claim under the different statute, Plaintiff's Second Amended Complaint fails to show any legal <u>or</u> factual basis for Defendant's liability under the FCRA.

(4)     Plaintiff lacks standing before this Court (and this court would lack jurisdiction over the Second Amended Complaint) insofar as Plaintiff seeks to state a claim pursuant to 15 U.S.C. § 1681s-2(a) (<u>see</u> pages 2-4 of the Second Amended Complaint[5]).  Specifically, the FCRA states that subsection 1681s-2(a) "<u>shall</u> be enforced <u>exclusively</u> under section 1681s of this title <u>by the Federal agencies and officials and the State officials identified in that section</u>."  15 U.S.C. § 1681s-2(d) (emphasis added).  Insofar as Plaintiff is an individual and is not a Federal agency or

---

[3] Defendant's Motion to Dismiss Or In the Alternative Motion to Quash Service of Process, filed herein on November 10, 2005, is not rendered moot by Plaintiff's filing of the (first) Amended Complaint, as Defendant seeks recovery of attorneys' fees against Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) in that Motion.  Defendant requests that the Court rule upon Defendant's Motion and award it recovery of legal fees incurred.

[4] As Defendant interprets the Second Amended Complaint, it appears that Plaintiff wants to allege that Defendant or its agents violated 15 U.S.C. § 1681s-2(a), and Plaintiff wants to avail himself of the potential recovery to be had under 15 U.S.C. § 1681n.  (See Second Amended Complaint at pp. 2-4).

[5] Plaintiff did not number the paragraphs of the Second Amended Complaint, as would be required under Rule 10(b), thus forcing Defendant to respond with reference to page numbers rather than numbered paragraphs containing a single set of circumstances.

official or a State official identified in section 1681s of the FCRA, Plaintiff lacks standing to bring this case.

(5)    Furthermore, even if Plaintiff were a proper party plaintiff to the proposed Second Amended Complaint, this Court could not impose liability against Defendant under the FCRA as alleged by Plaintiff, as the FCRA states that sections 1681n and 1681o of the FCRA (which provide for civil liability for noncompliance with the FCRA) "do not apply to any failure to comply with subsection (a) of [15 U.S.C. § 1681s-2], except as provided in section 1681s(c)(1)(B) of this title." Subsection 1681s(c)(1)(B) contains provisions for action <u>by a State</u> against a person believed to have violated the FCRA. Plaintiff very clearly bases his claim upon 15 U.S.C. § 1681s-2(a) insofar as Plaintiff quotes the provisions of that subsection on pages 2-3 of the Second Amended Complaint. Once again, Plaintiff is not the proper entity to assert this claim against Defendant and lacks standing to do so; moreover, Congress carved out an exception to civil liability under the FCRA for the exact conduct complained of in the Second Amended Complaint.

(6)    In addition, with respect to exclusive administrative enforcement of the FCRA by the Federal and State entities authorized pursuant to 15 U.S.C. § 1681s, the FCRA provides as follows:

> Notwithstanding paragraph (2), a court <u>may not</u> impose any civil penalty on a person for a violation of section 1681s-2(a)(1) of this title unless the person has been enjoined from committing the violation, or ordered not to commit the violation, in an action or proceeding brought by or on behalf of the Federal Trade Commission, and has violated the injunction or order, and the court <u>may not</u> impose <u>any</u> civil penalty for any violation occurring before the date of the violation of the injunction or order.

15 U.S.C. § 1681s(a)(3) (emphasis added). Plaintiff has made no allegation in the Second Amended Complaint regarding <u>any</u> action or proceeding brought by or on

3

behalf of the Federal Trade Commission against Defendant in regard to alleged violation of section 1681s-2(a)(1). Insofar as Defendant has not been enjoined from violating section 1681s-2(a)(1) or otherwise ordered not to violate that subsection, this Court could not impose any civil penalty against Defendant and in favor of Plaintiff as prayed-for by Defendant.

(7)    Plaintiff's Second Amended Complaint suffers further from a lack of authority for the legal conclusions Plaintiff makes regarding his vague factual allegations. For example, on page 3 of the Second Amended Complaint, Plaintiff alleges that "[t]he reporting of the uncollected debt to the collection agency as 'overdue' was erroneous, in that, the Plaintiff never received written notification of the debt." Plaintiff cites to no authority for the position that lack of written notice of a debt to a debtor renders the debt (or reference to the debt) erroneous. The FCRA does not support that legal conclusion; rather, the FCRA obligates a person who furnishes information to a credit reporting agency (here meaning a creditor such as Defendant) and/or the credit reporting agencies themselves to investigate disputed credit information upon receipt on notice from the debtor pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the accuracy of information provided by that person. See 15 U.S.C. § 1681s-2(b). In this case, Defendant did verify the accuracy of the debt after being notified by Plaintiff that he (Plaintiff) felt it was "erroneous" for Defendant to send the matter to a collection agency – and that is when Plaintiff paid the debt in full.

(8)    Similarly, Plaintiff alleges that "[t]here was no delinquency [sic] account if the Plaintiff had no knowledge of the debt and did not receive due notification" (see Second Amended Complaint at p. 3) without citing a single authority for that proposition. Surely if the FCRA supported this proposition or the one attributed to

4

Plaintiff in the preceding paragraph, the FCRA would not provide a mechanism for investigation of disputed credit information but rather would simply state something to the effect that "If a consumer has no advance knowledge of a debt referenced in credit information contained within the reports of one or more credit reporting agencies or bureaus, the consumer does not have to pay the debt, can insist, through court action, upon deletion of the disputed information from the reports, and can bring legal action anywhere such consumer chooses." Fortunately for the business community, Congress did not go that far.

    (9)    <u>Nothing in the FCRA states that a debt is erroneous merely if challenged by a debtor</u>; rather, the FCRA establishes procedures for how a debtor can challenge a claimed debt referenced in a credit report to the credit reporting agencies and/or to the creditor (or a collection agency on behalf of a creditor). In that regard, Defendant claimed a just debt against Plaintiff stemming from unpaid charges due under a residential lease for an apartment. Had Plaintiff wished to pursue rights and remedies under the FCRA, Plaintiff should have disputed the information regarding this debt with a consumer reporting agency, as that would have triggered at least one investigation into the validity of the debt by the consumer reporting agency. <u>See</u> 15 U.S.C. § 1681i. Plaintiff makes no allegation of his compliance with that section and has not provided a copy of his written notice of dispute to a consumer reporting agency; moreover, that section of the FCRA provides that the consumer reporting agency may terminate reinvestigation of such a dispute if the consumer reporting agency reasonably determines that the dispute by the consumer is frivolous or irrelevant. <u>Id.</u> Defendant avers that any dispute based upon the consumer's statement that he would have paid the debt if he had known about the debt is certainly frivolous and irrelevant.

5

(10)    Plaintiff's contention that the debt was erroneous is further without merit based upon his acknowledgement on page 5 of the Second Amended Complaint that he did, in fact, pay the debt. The heart of Plaintiff's complaint is NOT that the debt was erroneous or invalid but rather that Plaintiff wishes he had known about the debt before the matter was turned over to a collection agency.[6] Plaintiff may only blame himself for his failure to pay all rent and additional rents (including any damage to real property) due under his lease with Defendant, as he knew or should have known of: (a) the terms of his lease; (b) the condition of the apartment when he vacated on July 31, 2003; (c) the status of rental payments under his lease; and (d) the fact that pursuant to the terms of his lease, he was still liable for rent up to the lease expiration date (January 31, 2004).[7] Simply put, Plaintiff's failure to provide Defendant with a forwarding address upon his abandonment of his apartment is the true cause of Plaintiff's ignorance regarding the claimed debt. Defendant acted appropriately in sending notice regarding charges due under the lease to the last known address for Plaintiff (the apartment rented from Defendant) because, pursuant to applicable laws of the District of Columbia, Defendant was obligated to write Plaintiff to advise Plaintiff of the forfeiture of his security deposit. See D.C. Mun. Regs. Tit. 14, § 309.1 (2005) ("Within forty-five (45) days after the termination of the tenancy, the owner shall . . .[n]otify the tenant in writing, to be delivered to the tenant personally or by certified mail at the tenant's last known address, of the owner's intention to withhold and apply the

---

[6] See, e.g., Second Amended Complaint at p. 5: "Should Mr. Eyzaguirre known [sic] about the collection made by Gables, this collection would have never been reported to the credit bureau." (Emphasis added).

[7] Of interest is Plaintiff's failure to contest the forfeiture of his security deposit ($500.00) towards damages due under his lease, which operated to reduce his debt from $885.00 to $385.00 before the matter was turned over to a collection agency; his failure to do so suggests that he in fact knew of certain charges that he would be liable for when he broke the terms of his lease in advance of the lease expiration date by vacating the apartment without providing Defendant with thirty (30) days' advance written notice, as required by the lease, and without paying a lease termination fee.

monies toward defraying the cost of expenses properly incurred under the terms and conditions of the security deposit agreement." (Emphasis added)).

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion, that the Court dismiss this action with prejudice, and that the Court award Defendant recovery of its legal expenses and costs[8] incurred in responding to the Complaint and to Plaintiff's Motion in the reasonable amount of $4,000.00 pursuant to 15 U.S.C. § 1692k(a)(3)[9] (as previously raised in Defendant's pending Motion to Dismiss) and/or 15 U.S.C. 1681n[10] and/or Rule 11 of the Court's Rules. Insofar as Plaintiff previously retained counsel (who originally threatened this legal action against Defendant and who worked with Defendant's counsel in good faith to try to settle the matter), undersigned counsel believes that Plaintiff knows or reasonably should know that this legal action is brought in bad faith; as a result, Defendant requests that the Court conduct an evidentiary hearing in regard to award of sanctions and/or attorneys' fees as requested by Defendant rather than simply concluding that no such sanction shall issue against a pro se litigant.

(CONTINUED ON FOLLOWING PAGE)

---

[8] Any award of attorneys' fees to Defendants herein may be ordered to be paid to Magruder & Associates, P.C., as this firm represents the real parties-defendant in interest herein, the ownership and property management agent of The Berkshire Apartments.
[9] The FDCPA provides: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3) (emphasis added).
[10] The FCRA provides: "Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorneys' fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper." 15 U.S.C. § 1681n(c) (emphasis added).

To the extent that the Court should refuse to dismiss this case with prejudice,

Defendant repeats its prior denial that Defendant has been served with the Amended

Complaint and thus need not respond to same at this time.

Respectfully Submitted,

MAGRUDER & ASSOCIATES, P.C.


/s/ Michael J. Carmody
Michael J. Carmody, Esq.
1889 Preston White Drive, Suite 200
Reston, VA 20191
(703) 766-4400
(703) 766-4408 (Facsimile)
Email: mcarmody@magruderpc.com
(Counsel for Defendants)

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December 2005, Defendant, by and
through undersigned counsel, sent a complete and accurate copy of the foregoing
Opposition to Motion for Leave to File Second Amended Complaint to Plaintiff, Juan
Eyzaguirre via first class mail, postage prepaid, addressed to 6815 Wemberly Way,
McLean, VA 22101.


/s/ Michael J. Carmody
Michael J. Carmody, Esq.
1889 Preston White Drive
Suite 200
Reston, VA 20191


G0935253.009
12/1/2005 5:11 PM

8